## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

KHALIDUR RAHMAN,

      Plaintiff,

  v.

DIGNIFI, WEBBANK, EQUIFAX
INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION
SOLUTIONS, INC.,  and
TRANS UNION LLC,

      Defendants.

CASE NO. _____

## <u>DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Trans Union, LLC

("TransUnion") hereby files this Notice of Removal of the above-captioned action to this Court

on the following grounds:

1.      TransUnion is a named Defendant in Index No. 708885/2025 filed by Plaintiff

Khalidur Rahman ("Plaintiff") in the Supreme Court of the State of New York, County of

Queens (the "State Court Action").

2.      The Summons with Notice in the State Court Action was filed with the Clerk of

the Supreme Court of the State of New York, County of Queens on March 27, 2025.

3.      This Notice is being filed with this Court within thirty (30) days after TransUnion

received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which

Plaintiff's action is based.

4.      This Court is the proper district court for removal because the State Court Action is pending within this district.

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon TransUnion in the State Court Action is attached hereto as **Exhibit A**.

6.      Certain of the claims for relief against Defendants alleged in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Thus, this Court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a).

7.      Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's other claims for relief arising under the New York Fair Credit Reporting Act, N.Y. GEN. BUS. LAW § 380 *et seq.* ("NY FCRA"), as these claims arise from the same operative facts and form part of the same case or controversy.

8.      As of the date of this Notice, all named Defendants consent to removing the above-captioned action to this Court. Experian Information Solutions, Inc., Equifax Information Services, LLC, WebBank, and Dignifi's consents to removal are attached hereto as **Exhibit B, Exhibit C, Exhibit D and Exhibit E**, respectively.

2

9.      Promptly after the filing of this Notice of Removal, TransUnion shall provide notice of the removal to Plaintiff through his attorney of record in the State Court Action, and shall file a copy of this Notice with the clerk of the court in the State Court Action, as required by 28 U.S.C. § 1446(d).  *See* **Exhibit F**.

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Andrew Hope*
Andrew G. Hope (NY Bar ID 4913547)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
T: 215-665-8700
andrew.hope@bipc.com

Dated: April 17, 2025            *Counsel for Defendant Trans Union, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of April, 2025, I caused a copy of the foregoing

Notice of Removal to be electronically filed with the Clerk via CM/ECF. Parties may access the

filing through the Court's CM/ECF System. Notice of this filing will also be sent via first-class

mail to:

> Subhan Tariq, Esquire
> Tariq Law PC
> 99 Park Avenue, Suite 1100
> New York, NY 10016

By: */s/ Andrew Hope*

Andrew G. Hope (NY Bar ID 4913547)

Dated: April 17, 2025                                  *Counsel for Defendant Trans Union, LLC*

# EXHIBIT A

Case 1:25-cv-02154-DG-RML    Document 1    Filed 04/17/25    Page 6 of 41 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
_____X

KHALIDUR RAHMAN,                                    Index No.:

            Plaintiff,                    **SUMMONS**

    -against-                                The basis of this venue is:
                                 Plaintiff's address

DIGNIFI; WEBBANK;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANS UNION, LLC,

            Defendants.
_____X

YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of Queens, at the office of the Clerk of said Court at 88-11 Sutphin Blvd., Queens, New York 11435 within the time provided by law as noted below and to file your Answer to the annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of $85,000.00 with interest from March 27, 2025, together with the costs of this action.

Dated: March 27, 2025                    Respectfully submitted,

                                           _____
                                         Subhan Tariq, Esq.
                                         Tariq Law PC
                                         **Attorney for Plaintiff**
                                         99 Park Avenue, Suite 1100
                                         New York, NY 10016
                                         Tel: (212) 804-9095
                                         Email: subhan@tariqlaw.com

1

Case 1:25-cv-02154-DG-RML   Document 1   Filed 04/17/25   Page 7 of 41 PageID #: 7

Note the law provides that:

a) If this summons is served by its delivery to you personally, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served by any alternative method permissible under the CPLR, you must appear and answer within THIRTY days after such service.

Defendants' addresses:

DigniFi
2560 55th St
Boulder, CO 80301

WebBank
215 South State Street, Ste. 1000
Salt Lake City, Utah 84111

Equifax Information Services, LLC
1550 Peachtree Street NW
Atlanta, GA 30309

Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA 92626

Trans Union, LLC
1510 Chester Pike
Crum Lynne, PA 19022

2

Case 1:25-cv-02154-DG-RML   Document 1   Filed 04/17/25   Page 8 of 41 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
————————————————————X
KHALIDUR RAHMAN,                                    Index No.:

       Plaintiff,

       v.                                    **VERIFIED COMPLAINT**

DIGNIFI, WEBBANK,
EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and TRANS UNION, LLC,

       Defendants.
————————————————————X

By and through the undersigned counsel, Plaintiff Khalidur Rahman ("Plaintiff"), with knowledge

as to his acts and investigation of counsel as to the acts of others, believing that further

investigation and discovery will confirm that such allegations have substantial evidentiary support,

alleges as follows:

## PRELIMINARY STATEMENT

1. According to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the

    New York Fair Credit Reporting Act, NY General Business Law § 380 et seq. ("NY

    FCRA"), Plaintiff brings this action against DigniFi, ("DigniFi"), WebBank ("WebBank"),

    Equifax ("Equifax", "CRA," or "CRA Defendant"), Experian Information Solutions, Inc.

    ("Experian," "CRA," or "CRA Defendant"), and Trans Union, LLC ("Trans Union"

    "CRA," or "CRA Defendant"), to recover actual, statutory, and punitive damages, as well

    as costs and attorney's fees and injunctive relief. Identity Theft is a significant issue

    impacting millions of consumers annually, causing devastating financial harm, emotional

    distress, and long-lasting damage to consumers credit profiles. Recognizing these impacts,

1

Case 1:25-cv-02154-DG-RML    Document 1    Filed 04/17/25    Page 9 of 41 PageID #: 9

the FCRA imposes strict obligations on furnishers and credit reporting agencies to investigate and remove fraudulent information promptly and accurately upon receiving consumer disputes. Defendants have systematically failed to fulfill these obligations.

2. Congress enshrined within the FCRA the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." § 1681(a)(4).

3. Moreover, Congress has plainly stated the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." § 1681(b).

4. Similarly, courts have stated that the purpose of the FCRA is to address the "serious problem in the credit reporting industry. . . of inaccurate or misleading information." *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 142 (E.D.N.Y., 2017) (internal quotation marks and emphasis omitted); *see also, e.g., Porter v. Talbot Perkins Children's Servs.*, 355 F. Supp. 174, 176 (S.D.N.Y., 1973) (noting that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . . ") (citing 116 Cong. Rec. 36572 (1970)).

5. The Consumer Financial Protection Bureau ("CFPB") has explicitly stated that credit reporting agencies and furnishers must not merely defer to each other's assertions without conducting independent and substantive reinvestigations. Defendants' actions here exemplify the precise misconduct these regulatory guidelines aim to prevent.

2

Case 1:25-cv-02154-DG-RML    Document 1    Filed 04/17/25    Page 10 of 41 PageID #: 10

6.  As set forth herein, Defendants DigniFi, WebBank, Equifax, Experian, and Trans Union denied Plaintiff the protections provided by the FCRA and NY FCRA concerning DigniFi/WebBank account number 5399XX, (hereinafter referred to as the "fraudulent DigniFi/WebBank account").

7.  On August 28, 2024, Plaintiff, through a dispute letter addressed to CRA Defendants, informed CRA Defendants that they were reporting the fraudulent DigniFi/WebBank account on Plaintiff's Equifax, Experian, and Trans Union credit reports. Nevertheless, they continued to report the fraudulent DigniFi/WebBank account on Plaintiff's Equifax, Experian, and Trans Union credit reports.

8.  For the sake of clarity, the chronological timeline of events that ensued following the first dispute letter initiated by Plaintiff is summarized below:

| Dispute Description | Date of Dispute | Recipient | Response Date | Result |
|---|---|---|---|---|
| **Initial Dispute:** The fraudulent DigniFi/WebBank account was reported as fraudulently opened. Plaintiff requested for removal of the same from the credit report and along with his dispute letter attached the FTC Identity Theft Affidavit | August 28, 2024 | Equifax | No response received | No response received (non-compliant) |
| **Initial Dispute:** The fraudulent DigniFi/WebBank account was reported as fraudulently opened. Plaintiff requested for removal of the same from | August 28, 2024 | Experian | September 27, 2024 | Incorrectly verified the fraudulent DigniFi/WebBank account as accurate |

3

| | | | | |
|---|---|---|---|---|
| the credit report and along with his dispute letter attached the FTC Identity Theft Affidavit | | | | |
| **Initial Dispute:** The fraudulent DigniFi/WebBank account was reported as fraudulently opened. Plaintiff requested for removal of the same from the credit report and along with his dispute letter attached the FTC Identity Theft Affidavit | August 28, 2024 | Trans Union | September 12, 2024 | Incorrectly verified the fraudulent DigniFi/WebBank account as accurate |
| **Second Dispute:** Reiterated Identity Theft claim, attached FTC Affidavit again | October 3, 2024 | Equifax | No response received | No response received (non-compliant) |
| **Second Dispute:** Reiterated Identity Theft claim, attached FTC Affidavit again | October 3, 2024 | Experian | November 5, 2024 | Incorrectly verified the fraudulent DigniFi/WebBank accounts transactions as accurate |
| **Second Dispute:** Reiterated Identity Theft claim, attached FTC Affidavit again | October 3, 2024 | Trans Union | October 26, 2024 | Random and unrequested response with a Summary of Rights received (non-compliant) |

9. Despite Plaintiff's multiple disputes, CRA Defendants did not correct the fraudulent DigniFi/WebBank account that they are reporting. Upon information and belief, CRA Defendants continue to report fraudulent DigniFi/WebBank account as belonging to Plaintiff.

4

10. DigniFi and WebBank are liable to Plaintiff for violating § 1681s-2(b) of the FCRA by their acts and omissions, including but not limited to:

a. failing to conduct reasonable investigations of Plaintiff's disputes of the fraudulent DigniFi/WebBank account reporting on Plaintiff's credit reports with Equifax, Experian, and Trans Union;

b. failing to review all relevant information provided to DigniFi and WebBank by CRA Defendants concerning Plaintiff's disputes; and

c. failing to promptly modify, delete, or permanently block any and all disputed information about the fraudulent DigniFi/WebBank account on Plaintiff's credit file with the CRA Defendants that DigniFi and WebBank could not affirmatively verify as accurate.

d. upon information and belief, DigniFi's and WebBank's internal fraud detection systems had or should have had clear alerts or notations indicating the disputed fraudulent DigniFi/WebBank account as suspicious or unauthorized, thereby making its subsequent verification to CRAs grossly negligent or willful.

11. Similarly, the CRA Defendants are liable to Plaintiff for violation of several provisions of § 1681i of the FCRA due to its acts and omissions, including, but not limited to, the following:

a. failing to (i) conduct reasonable investigations of the fraudulent DigniFi/WebBank account to determine whether the information Plaintiff disputed was accurate, and (ii) record the correct status of the fraudulent DigniFi/WebBank account, in violation of § 1681i(a)(1);

5

b. failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes about the fraudulent DigniFi/WebBank account, in violation of § 1681i(a)(4); and

c. failing to promptly update the disputed fraudulent DigniFi/WebBank account tradeline on Plaintiff's credit file despite the fact that CRA Defendant could not have affirmatively verified the fraudulent DigniFi/WebBank account as accurate upon a lawful reinvestigation of Plaintiff's disputes, in violation of § 1681i(a)(5).

d. despite receiving comprehensive dispute documentation, including an FTC Identity Theft Affidavit, CRA Defendants systematically disregarded or superficially reviewed Plaintiff's detailed submissions, relying exclusively or predominantly on DigniFi's and WebBank's flawed verifications.

12. As a direct and proximate result of each CRA Defendant's negligent and willful actions, conduct, and omissions, Plaintiff suffered actual damages, cognizable under the FCRA. Such damages include but are not necessarily limited to the following: impediments to Plaintiff's ability to seek credit, damage to Plaintiff's reputation for creditworthiness, emotional distress, embarrassment, aggravation, and frustration.[1]

13. Defendants demonstrated a reckless disregard for Plaintiff's rights under the FCRA, despite receiving multiple disputes, government-certified identity theft affidavits, and clear documentary evidence. Their failure to investigate and correct the fraudulent information was not merely negligent, but a systemic and willful failure to comply with statutory

---

[1] Plaintiff may have also suffered direct credit harm due to Defendants' violations of the FCRA and NY FCRA. Plaintiff intends to inquire into the extent of direct credit harm he may have suffered through discovery from Defendant and third-parties.

obligations, and therefore, due to each Defendant's willful violations of the FCRA, Plaintiff is entitled to an award of punitive damages.

14. Defendants DigniFi, WebBank, Equifax, Experian, and Trans Union each have been subject to numerous prior lawsuits, regulatory actions, consent orders, and settlements concerning similar violations of FCRA provision, evidencing a systemic problem and placing Defendants on clear notice regarding their obligations and the harms their failures cause.

## PARTIES

15. Plaintiff is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)) and NY FCRA (NY GBL § 380-a(b)). Plaintiff resides in Jamaica, NY.

16. DigniFi is a company that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 2560 55th St, Boulder, CO 80301.

17. DigniFi is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.).

18. WebBank is a bank that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 215 South State Street, Ste. 1000, Salt Lake City, Utah 84111.

19. WebBank is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.).

20. Equifax, Experian, and Trans Union are a consumer reporting agency as defined by the FCRA (15 U.S.C. § 1681a(f)) and the NY FCRA (GBL § 380-a(e)).

7

Case 1:25-cv-02154-DG-RML   Document 1   Filed 04/17/25   Page 15 of 41 PageID #: 15

## FACTUAL ALLEGATIONS

21. On or around August 2024, Plaintiff ran his Equifax, Experian, and Trans Union credit reports and noticed that Defendants DigniFi and WebBank were reporting the fraudulent DigniFi/WebBank account on Plaintiff's Equifax, Experian, and Trans Union credit reports.

22. Specifically, Plaintiff noticed that DigniFi and WebBank were reporting an inaccurate balance of approximately $2,881 on the fraudulent DigniFi/WebBank account.

23. However, this inaccurate balance, associated with the fraudulent DigniFi/WebBank account, is inaccurate because Plaintiff was the victim of identity theft. An unknown individual(s) fraudulently opened the fraudulent DigniFi/WebBank account at a date unknown to Plaintiff. This unknown individual(s) made fraudulent transactions, of approximately $2,881, on the fraudulent DigniFi/WebBank account.

24. Upon information and belief, DigniFi's and WebBank's purported investigation did not include essential steps such as analyzing transaction patterns for abnormal spending, checking the IP address or location from where the fraudulent DigniFi/WebBank account was fraudulently opened, or requesting further details from Plaintiff to verify his whereabouts during which the fraudulent transactions, of approximately $2,881, on the fraudulent DigniFi/WebBank accounts transactions were initiated.

25. As a result, on or around August 27, 2024, Plaintiff completed and filed a notarized FTC Identity Theft Victim's Complaint and Affidavit. Plaintiff reported the fraudulent DigniFi/WebBank account as fraudulently opened. Plaintiff also expressed his willingness to work with law enforcement in any investigation regarding his identity theft.

8

26. Following Plaintiff's disputes, Defendants DigniFi, WebBank, Equifax, Experian, and Trans Union failed to perform FCRA-required reasonable investigations. As such, Defendants DigniFi and WebBank unlawfully verified the fraudulent DigniFi/WebBank account tradeline as belonging to Plaintiff, and CRA Defendants, in turn, continued to report an incorrect, and therefore unverifiable, inaccurate fraudulent DigniFi/WebBank account tradeline on (a) Plaintiff's credit reports and, upon information and belief, (b) consumer reports about Plaintiff that CRA Defendants prepared and distributed to third-parties.

27. Defendants DigniFi, WebBank, Equifax, Experian, and Trans Union published the fraudulent DigniFi/WebBank account tradeline to third parties, falsely portraying Plaintiff as a poor credit risk. These publications defamed Plaintiff, thereby (a) giving creditors and/or potential creditors the false impression that Plaintiff was a poor credit risk, (b) impugning Plaintiff's reputation and character, and (c) causing Plaintiff to suffer substantial emotional distress. As such, Plaintiff has suffered concrete and particularized injuries under the FCRA such that Plaintiff has Article III standing to bring claims under the FCRA.

28. According to Plaintiff's Experian credit report, dated November 27, 2024, there is an inquiry on Plaintiff's credit file with Experian. Specifically, there was a dissemination of inaccurate credit information, regarding the fraudulent DigniFi/WebBank account, reported on Plaintiff's Experian credit report, to JPMorgan Chase Bank, N.A. (on November 27, 2024).

29. Notably, Plaintiff filed the present action on March 27, 2025. Therefore, derogatory and defamatory credit information was disseminated to third parties before the present action

9

was filed. The CRA Defendants know the exact number of such instances of disseminations in the past year since the fraudulent DigniFi/WebBank account began reporting on Plaintiff's credit report. Plaintiff intends to explore the topic further in discovery in this matter.

30. In a recent Opinion and Order barely six months old, the Southern District of New York has held that "[i]n the context of FCRA claims, courts have held that denials of credit and reputational damage are concrete injuries sufficient to confer Article III standing." *See* <u>McTague v. Chase Bank</u>, 2024 U.S. Dist. LEXIS 165060, at *5 (S.D.N.Y. Sep. 13, 2024). In McTague, defendant argued that plaintiff did not have standing to sue and the court agreed because plaintiff did not "include any factual allegations that he was denied credit, experienced reputational damage, or that he experienced any other concrete consequences." *Id*. at *6.

31. However, in the present matter, on or around November 2024, Plaintiff applied for and was denied credit by JPMorgan Chase Bank, N.A., due to the inaccurate credit information, regarding the inaccurate fraudulent DigniFi/WebBank account, reporting on Plaintiff's Experian credit report.

***Equifax, Experian, and Trans Union reported (and are likely still reporting) the fraudulent DigniFi/WebBank account tradelines on Plaintiff's Equifax, Experian, and Trans Union credit reports***

32. CRA Defendants have reported and likely continue to report a tradeline for the fraudulent DigniFi/WebBank account on the Plaintiff's Equifax, Experian, and Trans Union credit reports.

*Plaintiff's Disputes*

**Equifax, Experian, and Trans Union Disputes and Dispute Results**

33. By letter dated August 28, 2024, Plaintiff wrote to CRA Defendants to dispute the fraudulent DigniFi/WebBank account that CRA Defendants were reporting on Plaintiff's Equifax, Experian, and Trans Union credit reports. Specifically, Plaintiff informed CRA Defendants of the following: "I am contacting you about the compromising of my social security number. I am a victim of Identity Theft . . . I did filled out the Victim Of Id theft Booklet and attached it . . . The following items do not belong to me and is a result of fraud that I did not authorize." Plaintiff also requested that CRA Defendants remove the fraudulent DigniFi/WebBank account from Plaintiff's Equifax, Experian, and Trans Union credit reports. Plaintiff attached his FTC Identity Theft Victim's Complaint and Affidavit with his August 28, 2024 letters. Plaintiff's August 28, 2024 dispute letters were sent via certified mail.

34. Plaintiff received dispute results from Experian and Trans Union, dated September 27, 2024 and September 12, 2024, respectively. Experian's and Trans Union's dispute results unlawfully verified that the fraudulent DigniFi/WebBank account was correctly reported as belonging to Plaintiff.

35. However, Plaintiff did not receive a response from Equifax. However, Equifax continued to report the inaccurate fraudulent DigniFi/WebBank account on Plaintiff's Equifax credit report.

36. By letter dated October 3, 2024, Plaintiff once again wrote to CRA Defendants to dispute the fraudulent DigniFi/WebBank accounts transactions on Plaintiff's Equifax, Experian, and Trans Union credit reports. Specifically, Plaintiff once again informed CRA

11

Defendants of the following: "I am contacting you about the compromising of my social security number. I am a victim of Identity Theft . . . I did filled out the Victim Of Id theft Booklet and attached it . . . The following items do not belong to me and is a result of fraud that I did not authorize." Plaintiff also once again requested that CRA Defendants remove the fraudulent DigniFi/WebBank accounts transactions from Plaintiff's Equifax, Experian, and Trans Union credit reports. Plaintiff once again attached his FTC Identity Theft Victim's Complaint and Affidavit with his October 3, 2024 letters. Plaintiff's October 3, 2024 dispute letters were sent via certified mail.

37. Plaintiff once again received dispute results from Experian dated November 5, 2024. Experian's dispute results once again unlawfully verified that the inaccurate fraudulent DigniFi/WebBank account was correctly reported as belonging to Plaintiff.

38. Notably, Plaintiff received a random and unrequested letter, dated October 26, 2024, from Tran Union, wherein Trans Union provided Plaintiff with a Summary of Rights. However, Tran Union continued to report the inaccurate fraudulent DigniFi/WebBank account on Plaintiff's Tran Union credit report – according to Plaintiff's Tran Union credit report dated November 27, 2024.

39. However, Plaintiff once again did not receive a response from Equifax. However, Equifax continued to report the inaccurate fraudulent DigniFi/WebBank account on Plaintiff's Equifax credit report – according to Plaintiff's Equifax credit report dated November 27, 2024.

**Damages**

40. Because of Defendants DigniFi's, WebBank's, Equifax's, Experian's, and Trans Union's misconduct, Plaintiff suffered actual damages cognizable under the FCRA and NY FCRA.

41. Due to Defendants DigniFi's, WebBank's, Equifax's, Experian's, and Trans Union's inaccurate credit reporting, Plaintiff has been required to expend substantial time, resources, and emotional energy attempting to rectify his damaged credit reputation.

42. Moreover, Plaintiff will explore in discovery the extent to which the inaccurate reporting caused him credit harm in the form of credit denials and/or other adverse actions concerning existing credit.

43. Upon information and belief, DigniFi and WebBank have a documented internal practice or policy of inadequately investigating disputes involving fraudulently opened accounts and unauthorized transactions. Instead, it routinely shifts liability to consumers in violation of federal law. This internal practice has led to multiple consumer complaints, regulatory actions, and settlements, indicating a pattern of disregard for statutory obligations.

44. In addition, the inaccurate fraudulent DigniFi/WebBank account reported by CRA Defendants has cost Plaintiff time, effort, and expense in pursuit of corrected credit reports.

45. Defendants DigniFi's, WebBank's, Equifax's, Experian's, and Trans Union's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable under the FCRA and NY FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. Plaintiff's emotional distress has materially impacted his daily life, making routine financial decisions burdensome and causing strained personal relationships due to economic anxiety stemming from being wrongly labeled as financially irresponsible.

    b. Plaintiff was defamed by Defendants DigniFi, WebBank, Equifax, Experian, and Trans Union, all of which published false information about Plaintiff that damaged Plaintiff's

13

Case 1:25-cv-02154-DG-RML    Document 1    Filed 04/17/25    Page 21 of 41 PageID #: 21

reputation for creditworthiness and impugned Plaintiff's reputation. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

c.  Plaintiff has experienced tangible harm to credit opportunities, including higher interest rates, outright denial of credits, or compromised limits, details of which will be explored and evidenced through discovery.

### FIRST CAUSE OF ACTION

**Violations of FCRA § 1681s-2(b) Against
Defendants DigniFi and WebBank
(Furnishers of Information)**

46. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

47. FCRA § 1681s-2(b), in pertinent part, provides: "if an item of information disputed by a consumer is found [by a furnisher] to be inaccurate or incomplete *or cannot be verified* after any reinvestigation . . . for purposes of reporting to a consumer reporting agency only, [the furnisher shall] . . . , based on the results of the reinvestigation promptly— (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information." § 1681s-2(b)(1)(E)(i) – (iii) (emphasis added).

48. DigniFi and WebBank violated FCRA § 1681s-2(b) by its acts and omissions, including but not limited to:

a.  failing to conduct a reasonable investigation of Plaintiff's disputes after receiving notice of those disputes from Equifax, Experian, and Trans Union;

b.  failing to review all relevant information provided by Equifax, Experian, and Trans Union; and

14

Case 1:25-cv-02154-DG-RML    Document 1    Filed 04/17/25    Page 22 of 41 PageID #: 22

c.  failing to promptly modify, delete, or permanently block any information it could not affirmatively verify as accurate, in violation of § 1681s-2(b)(1).

49. DigniFi's and WebBank's systematic reversal of provisional credits without reasonable investigations or adequate consumer notification directly impacts consumer trust across the State of New York, undermining confidence in electronic banking and creating widespread harm. Reasonable consumers rely on timely, transparent dispute investigations and DigniFi's and WebBank's deceptive practices leave many unaware of their rights or remedies under the state or federal law.

50. Defendants DigniFi's and WebBank's internal guidelines, industry standards, and regulatory guidance clearly outline required steps for reinvestigating disputed accounts, especially involving identity theft. Based on information and belief, DigniFi and WebBank knowingly disregarded these internally and industry-mandated guidelines.

51. Had DigniFi and WebBank performed reasonable investigations required by the FCRA, it could not have verified that the fraudulent DigniFi/WebBank account reported by CRA Defendants belonged to Plaintiff. Nevertheless, DigniFi and WebBank verified to CRA Defendants that the fraudulent DigniFi/WebBank account reported by CRA Defendants was reporting as accurate. In so doing, DigniFi and WebBank violated § 1681s-2(b).

52. Moreover, courts require furnishers and CRAs to conduct a reasonable investigation. It was held in <u>Johnson v. MBNA Am. Bank, NA</u>, 357 F.3d 426 (4th Cir. 2004), that simply verifying data without conducting an actual investigation is a violation. Therefore, keeping in view this caselaw, DigniFi's and WebBank's failure to conduct a reasonable inquiry is evident because it willfully verified the disputed fraudulent DigniFi/WebBank account without requesting additional documents, contacting Plaintiff for clarification, or

considering Plaintiff's notarized FTC Identity Theft Affidavit.

53. Notably, in *Johnson*, the Fourth Circuit Court of Appeals reaffirmed the Eastern District of Virginia's judgment that "[t]he jury properly concluded that the bank did not conduct a reasonable investigation and awarded the consumer $ 90,300 in damages." Johnson v. MBNA Am. Bank, NA, 357 F.3d 426, 428 (4th Cir. 2004).

54. Because of DigniFi's and WebBank's FCRA violations, Plaintiff suffered actual damages cognizable pursuant to the FCRA.

55. Plaintiff has suffered significant stress, inconvenience, loss of time, anxiety, and distress over financial instability caused directly by DigniFi's and WebBank's actions. The distress has affected his ability to manage everyday financial obligations, impaired his financial planning, and caused emotional anguish over wrongful accusations by DigniFi and WebBank.

56. DigniFi's and WebBank's violations of § 1681s-2(b) were willful, rendering DigniFi and WebBank liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

57. In the alternative, DigniFi's and WebBank's violations of § 1681s-2(b) were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees from DigniFi and WebBank pursuant to § 1681o.

### SECOND CAUSE OF ACTION

**Violations of FCRA § 1681i and § 1681c-2**
**Against Defendants Equifax, Experian, and Trans Union**
**(Consumer Reporting Agencies)**

58. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

16

59. FCRA § 1681i(a)(1) requires a CRA to complete a reasonable reinvestigation of the accuracy of any item of information in a consumer's credit file that the consumer disputes to the CRA within 30 days of the dispute. Pursuant to § 1681i(a)(5), a CRA must "promptly delete [disputed] information from the file of the consumer, or modify [disputed] information, as appropriate" after completing its § 1681i(a)(1) reinvestigation if the CRA finds that the disputed information is "inaccurate or incomplete *or cannot be verified*." §§ 1681i(a)(1) and (a)(5) (emphasis added). Furthermore, "'the grave responsibility' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources." <u>Cushman v. Trans Union Corp.</u>, 115 F.3d 220, 225 (3d Cir. 1997).

60. Equifax, Experian, and Trans Union violated multiple sections of 15 U.S.C. § 1681i by their acts and omissions, including, but not limited to, the following:

  a.  failing to conduct a reasonable reinvestigation of Plaintiff's disputes to determine whether the disputed information was inaccurate and record the correct status or delete the items from Plaintiff's credit files in violation of § 1681i(a)(1);

  b.  failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

  c.  failing to properly modify or delete disputed information on and/or from Plaintiff's credit files upon a lawful reinvestigation in violation of § 1681i(a)(5).

  d.  Equifax, Experian, and Trans Union had independent obligations under federal regulations, including those promulgated by the Consumer Financial Protection Bureau (CFPB), to independently assess and reinvestigate disputed information rather than blindly accepting information from the furnishers like DigniFi and WebBank.

61. Equifax, Experian, and Trans Union also violated §1681c-2 by failing to block information

17

that Plaintiff identified as resulting from an alleged identity theft and, upon information and belief, failing to notify DigniFi and WebBank that the information was required to be blocked, in violation of §1681c-2(b).

62. Had CRA Defendants reasonably investigated Plaintiff's disputes, CRA Defendants could not have verified that they were accurately reporting the fraudulent DigniFi/WebBank account as belonging to Plaintiff on Plaintiff's Equifax, Experian, and Trans Union credit reports. Nevertheless, following Plaintiff's disputes, Equifax, Experian, and Trans Union each verified and continued to report the fraudulent DigniFi/WebBank account on Plaintiff's Equifax, Experian, and Trans Union credit reports. In so doing, Equifax, Experian, and Trans Union violated § 1681i (and a corresponding provision of the NY FCRA).

63. Because of CRA Defendants' FCRA violations of § 1681i and § 1681c-2, Plaintiff suffered actual damages, including, but not limited to, loss of credit, damage to reputation, embarrassment, humiliation, anguish, and other emotional harm cognizable pursuant to the FCRA.

64. Violations of § 1681i and § 1681c-2 by CRA Defendants were willful, rendering CRA Defendants liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

65. In the alternative, CRA Defendants' violations of § 1681i and § 1681c-2 were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees from CRA Defendants under § 1681o.

Case 1:25-cv-02154-DG-RML    Document 1    Filed 04/17/25    Page 26 of 41 PageID #: 26

## THIRD CAUSE OF ACTION

### Violations of NY FCRA § 380-f and § 380-j
### Against Defendants Equifax, Experian, and Trans Union
### (Consumer Reporting Agencies)

66. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

67. CRA Defendants violated multiple sections of the NY FCRA (NY GBL §§ 380-380-u) by their acts and omissions.

68. CRA Defendants violated the NY FCRA by:

   a. failing to promptly and properly reinvestigate Plaintiff's disputes to determine whether the disputed information was inaccurate and record the correct status of the disputed information in violation of § 380-f(a);

   b. failing to maintain reasonable procedures to assure maximum possible accuracy of information maintained in Plaintiff's credit files, in violation of § 380-j(a); and

   c. failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of information in consumer reports that CRA Defendants distributed to third parties, in violation of § 380-j(e).

69. These violations of § 380-f and § 380-j were willful, considering that despite Plaintiff providing a notarized FTC Identity Theft Affidavit, CRA Defendants continued to report the fraudulent DigniFi/WebBank account, therefore making CRA Defendants liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 380-l. Plaintiff is also entitled to injunctive relief restraining CRA Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

19

70. In the alternative, the CRA Defendants' violations of §§ 380-f and 380-j were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 380-m.

71. Plaintiff is also entitled to injunctive relief restraining CRA Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding Plaintiff against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as, with regard to the CRA Defendants, NY GBL § 380-l and § 380-m;

2. Ordering Equifax, Experian, and Trans Union to:

   a. immediately and permanently (i) delete and/or update all inaccurate information concerning the inaccurate fraudulent DigniFi/WebBank account from and/or on Plaintiff's credit reports and files, and (ii) cease reporting inaccurate information concerning the inaccurate fraudulent DigniFi/WebBank account to any and all persons and entities to whom the CRA Defendants reports consumer credit information;

   b. send updated and corrected consumer reports to all persons and entities to whom the CRA Defendants have reported inaccurate information about the inaccurate fraudulent DigniFi/WebBank account;

    c.  implement and demonstrate compliance with reasonable and enhanced reinvestigation procedures, especially in identity theft cases, including mandatory staff training and audits for a defined compliance period of no less than three (3) years; and

    d.  grant Plaintiff tradeline deletion of the fraudulent **DigniFi/WebBank account**.

3.  Enjoining CRA Defendants from violating Plaintiff's NY FCRA rights; and

4.  Such other and further relief as may be necessary, just, and proper.

Dated: March 27, 2025

Respectfully submitted,

_____

Subhan Tariq, Esq.
Tariq Law PC
**Attorney for Plaintiff**
99 Park Avenue, Suite 1100
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com

Case 1:25-cv-02154-DG-RML    Document 1    Filed 04/17/25    Page 29 of 41 PageID #: 29

## VERIFICATION

Khalidur Rahman, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

_____
Khalidur Rahman, Plaintiff   11/27/2024

Sworn to before me this **27**
day of **November**, 2024

_____
Notary Public

KAZI SHAMSUDDOHA
Notary Public, State of New York
Registration # 01SH6067668
Qualified in Queens County
My Commission Expires Dec. 10, 2025

KAZI SHAMSUDDOHA
Notary Public, State of New York
Registration # 01SH6067668
Qualified in Queens County
My Commission Expires Dec. 10, 2025

1

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHALIDUR RAHMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DIGNIFI, WEBBANK, EQUIFAX | )  CASE NO. _____ |
| INFORMATION SERVICES, LLC, | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC. and TRANS UNION | ) |
| LLC, | ) |
| | ) |
| | ) |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
## CONSENT TO REMOVAL

Without waiving any of its defenses or other rights, Defendant Experian Information Solutions, Inc. hereby acknowledges its consent to the removal of this action from the Supreme Court of the State of New York, County of Queens to the Eastern District of New York.

Dated: April 17, 2025                   Respectfully submitted,

*/s/ Hillary J. Green*
Hillary Green, Esq.
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Tel: (949) 851-3939
Fax: (949) 553-7539
hgreen@jonesday.com

*Counsel for Defendant Experian Information Solutions, Inc.*

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KHALIDUR RAHMAN, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|    v. | ) |
| | ) |
| DIGNIFI, WEBBANK, EQUIFAX | )   CASE NO. _____ |
| INFORMATION SERVICES, LLC, | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC. and TRANS UNION | ) |
| LLC, | ) |
| | ) |
| _____ | ) |

**DEFENDANT EQUIFAX INFORMATION SERVICES, LLC**
<u>**CONSENT TO REMOVAL**</u>

     Without waiving any of its defenses or other rights, Defendant Equifax Information Services, LLC hereby acknowledges its consent to the removal of this action from the Supreme Court of the State of New York, County of Queens to the Eastern District of New York.

Dated: April 17, 2025                Respectfully submitted,

                                 <u>*/s/ Forrest M. Seger*</u>
                                 Forrest M. Seger, Esq.
                                 Clark Hill
                                 2301 Broadway
                                 San Antonio, Texas 78215
                                 Telephone: (210) 250-6162
                                 Email: tseger@clarkhill.com

                                 *Counsel for Defendant Equifax Information*
                                 *Services, LLC*

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KHALIDUR RAHMAN, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|    v. | ) |
| | ) |
| DIGNIFI, WEBBANK, EQUIFAX | )   CASE NO. _____ |
| INFORMATION SERVICES, LLC, | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC. and TRANS UNION | ) |
| LLC, | ) |
| | ) |
|        Defendants. | ) |

**DEFENDANT WEBBANK'S**
**CONSENT TO REMOVAL**

Without waiving any of its defenses or other rights, Defendant WebBank hereby acknowledges its consent to the removal of this action from the Supreme Court of the State of New York, County of Queens to the Eastern District of New York.

Dated: April 17, 2025         Respectfully submitted,

*/s/ W. Joshua Lattimore*
W. Joshua Lattimore
1177 Avenue of the Americas
41st Floor
New York, New York  10036
(212) 248-3140
Email: joshua.lattimore@faegredrinker.com

*Counsel for Defendant WebBank*

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KHALIDUR RAHMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DIGNIFI, WEBBANK, EQUIFAX | )    CASE NO. _____ |
| INFORMATION SERVICES, LLC, | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC. and TRANS UNION | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DIGNIFI'S**
<u>**CONSENT TO REMOVAL**</u>

Without waiving any of its defenses or other rights, Defendant DigniFi hereby acknowledges its consent to the removal of this action from the Supreme Court of the State of New York, County of Queens to the Eastern District of New York.

Dated: April 17, 2025

Respectfully submitted,

<u>*/s/ W. Joshua Lattimore*</u>
W. Joshua Lattimore
1177 Avenue of the Americas
41st Floor
New York, NY 10036
(212) 248-3140
Email: joshua.lattimore@faegredrinker.com

*Counsel for Defendant DigniFi*

# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------------x
                                                          :
KHALIDUR RAHMAN,                                          :
                                                          :
                                    Plaintiff,            :    Index No. 708885/2025
                                                          :
           against                                        :    NOTICE OF FILING NOTICE
                                                          :    OF REMOVAL
DIGNIFI, WEBBANK,                                          :
EQUIFAX INFORMATION SERVICES, LLC;                        :
EXPERIAN INFORMATION SOLUTIONS, INC.,                     :
and TRANS UNION, LLC,                                     :
                                                          :
                                    Defendants.           :
-----------------------------------------------------------------------x

## NOTICE OF REMOVAL OF ACTION TO THE
## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

TO:    Subhan Tariq, Esq.
       Tariq Law PC
       99 Park Avenue, Suite 1100
       New York, NY 10016

       Clerk, Supreme Court of the State of New York, County of Queens
       Queens Supreme Court Building
       88-11 Sutphin Boulevard
       Jamaica, New York, 11435

       Pursuant to 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of

Removal of the above-captioned action to the United States District Court for the Eastern District

of New York.  A copy of the Notice of Removal filed with respect to this action is attached

hereto as Exhibit A.

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Andrew Hope*
Andrew G. Hope (NY Bar ID 4913547)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
T: 215-665-8700
andrew.hope@bipc.com

Dated: April 17, 2025

*Counsel for Defendant Trans Union, LLC*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2025, I caused a copy of the foregoing

Notice of Removal to be electronically filed with the Clerk via CM/ECF. Parties may access the

filing through the Court's CM/ECF System. Notice of this filing will also be sent via first-class

mail to:

> Subhan Tariq, Esquire
> Tariq Law PC
> 99 Park Avenue, Suite 1100
> New York, NY 10016

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Andrew Hope*
Andrew G. Hope (NY Bar ID 4913547)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
T: 215-665-8700
andrew.hope@bipc.com

Dated: April 17, 2025                    *Counsel for Defendant Trans Union, LLC*